■ NEW YORK STATE ELECTRIC & 'GAS CORPORATION, Appellant, v. JOSEPH J. GILLESPIE et al., Respondents.— HERLIHY, J. P. Appeal by the condemnor from a final order of the Supreme Court which confirmed an award made by Commissioners of Appraisal. The appellant contends that the record contains no evidence to support the opinion of the respondents' expert as to consequential damage. The appellant's expert found no consequential damage and the theory of the appellant is that the commissioners adopted the mere naked opinion of the respondents' expert, thereby rendering the award excessive. The appellant recognizes that the courts have not rejected a report of Commissioners of Appraisal unless it appeared that there was an irregularity or error of law in the proceedings or that the award was excessive. (See, generally, *City of Troy* v. *Manufacturers Nat. Bank*, 30 A D 2d 889; cf. *City of Binghamton* v. *Rosefsky*, 29 A D 2d 820, 821.) In essence, the appellant would have the courts examine and review the reports of Commissioners of Appraisal with the same exactitude as a decision and judgment of the Court of Claims albeit the law does not require such action. (See Condemnation Law, § 14.) The present record does not contain anything which would indicate that the commissioners were not well qualified as appraisers and, accordingly, we need not and cannot give consideration to this argument. As noted by Special Term, the commissioners expressly found that the remainder of the lands sustained a diminution in value by reason of the appropriation due to severance into two approximately equal parts and the *shape* of the remaining lands to the west of the condemned property lessened the value of that remainder. It does not appear that they relied solely upon the opinion of the respondents' expert as to the alleged conditional reservation for right of way or gave any particular weight to a restrictive reservation. While the arguments advanced by the appellant are persuasive, it is, nevertheless, readily apparent that the respondents' remaining lands after the appropriation were damaged consequentially. Under such circumstances it does not appear that their finding of consequential damage should be rejected nor does it appear that the award was excessive. The court, on the present record, finds that there is no irregularity or error of law. Order affirmed, with costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J. P.