■    NEW YORK STATE ELECTRIC & GAS CORP., Appellant, v PERCY O. GOFF, Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered December 10, 1975 in Greene County, which confirmed a report of commissioners of appraisal. The commissioners of appraisal were appointed on April 10, 1970 to ascertain the compensation to be awarded to defendants for the taking of an easement across their property in the Town of Lexington in Greene County. The easement, 154± feet wide, some 3,650± feet in length, and containing some 12.553 acres, divides the remaining acreage into two parcels. In thier initial report the commissioners awarded defendant Percy O. Goff the sum of $9,414.75 in damages for the direct taking, but made no award for consequential dam-

ages on the basis of a conclusion that they were "very limited" and were offset by the value of his reserved use in the easement. This award was set aside and a new hearing was directed by order of the Supreme Court, Albany County, on the ground that the said award was "without evidentiary support". Upon the new hearing the commissioners delivered the report in issue on this appeal, awarding Percy O. Goff the sums of $3,111 for the direct taking and $6,304 as consequential damages, for a total of $9,415. On this appeal the plaintiff claims that (1) the said award was based upon an insufficient appraisal and (2) the awards for direct and consequential damages were not supported by the record. We find merit to neither argument and conclude that the order of Special Term should be affirmed. We have examined the appraisal report of which the plaintiff complains and find it to be sufficient to comply with subdivision (c) of rule 839.3 of the Third Department (22 NYCRR 839.3 [c]). The method of appraisal relied upon is stated, the appraiser's conclusion as to highest and best use is set forth, a sufficient statement of the facts and figures by which the conclusions were reached is made and the comparable sale is set forth with sufficient particularity to be identifiable. The awards for direct and consequential damages are both within the range of the testimony. Because this court cannot conclude that "the award is so unreasonable as to shock our conscience" or that "the report is not sufficiently specific as to permit proper review", we should not interfere *(New York State Elec. & Gas Corp. v Hotel Gibber,* 28 AD2d 1042; see, also, *New York Elec. & Gas Corp. v Gillespie,* 31 AD2d 687). Order affirmed, without costs. Koreman, P. J., Kane, Mahoney, Larkin and Herlihy, JJ., concur.